**In re DOCTORS' HEALTH, INC.**

**Doctors' Health, Inc.,**

**v.**

**United Healthcare of the Mid–Atlantic, et al.**

**Bankruptcy No. 98–6–6211–JFS. Nos. L 99–2994, L 99–3367.**

United States District Court, D. Maryland.

Dec. 29, 1999.

**100**

Gregory Cross, Venable, Baetjer, and Howard, LLP, Baltimore, MD, for Debtor.

Eric G. Waxman, III, Phillips Nizer Benjamin Krim & Ballon LLP, James Seery, Jr., Garden City, NY, for United Healthcare.

Earl F. Leitess, Jeremy S. Friedberg, John Leo Walter, Leitess, Leitess & Friedberg, P.C., Baltimore, MD, for IVTx, Inc.

Karen H. Moore, Baltimore, MD, Assistant U.S. Trustee.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This is an appeal from Orders of the Bankruptcy Court (S. Martin Teel (by designation) J.), granting relief from the automatic bankruptcy stay of 11 U.S.C. section 362, with regard to certain funds held by the debtor, a so-called IPA, intended to pay "external providers" for services rendered to patients on behalf of United and IVTx, Inc., the appellees, which are HMOs. The matters were fully heard in the Bankruptcy Court, and a comprehensive written decision was issued by Judge Teel on August 31, 1999. The issues have been fully briefed on appeal, and because there is no dispute of fact and the legal issues have been fully and well addressed not only by Judge Teel, but by counsel in their briefs, there is no need for oral argument. Bankr.Rule 8012(3). ' The case was referred to me *vice* Judge Legg, who is ill.

■ Upon review of the parties' briefs and the decision below (the written decision, although involving only one of the appellees, is applicable to both), the Court is persuaded that the Bankruptcy Court did not abuse its discretion in lifting the stay. The appellant's main point is one of Maryland statutory construction, *i.e.*, that it is not statutorily obligated to maintain a reserve under MD. HEALTH–GENERAL CODE ANN. Section 19–713.2, although it contractually bound itself to do so. The bottom line is that the Bankruptcy Court, in order not to have abused its discretion, need not have definitively resolved the disputed issue, as there was plenty of good cause, including the contractual obligation and the fact that the debtor had virtually no equity claim to the reserve funds and the interests of judicial economy, supporting the lifting of the stay. The Court also agrees with the Bankruptcy Court's determination that the Bankruptcy Code does not so far preempt the issue as to require denial of the lift-stay motions.

The Court has considered, but finds no merit in, the appellant's other arguments. In essence, the Bankruptcy Court's opinion correctly resolved the issues, and this Court adopts its reasoning and conclusions.